```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

MISSION HONDURAS INTERNATIONAL, )
                                )
          Plaintiff,             )
                                 )
     v.                          )    No. 10 C 1602
                                 )
APUFRAM INTERNATIONAL,           )
                                 )
          Defendant.              )

## MEMORANDUM OPINION AND ORDER

As its counsel announced during the recent status hearing in this action, APUFRAM International ("APUFRAM") has filed its Answer to the Complaint brought against it by Mission Honduras International ("Mission Honduras") and has also joined with Father Emil Cook and APUFRAM (the latter, a separate entity, is described as "a non-profit private association existing and organized under the laws of Honduras") in the filing of a Counterclaim and Third-Party Complaint. This memorandum opinion and order is issued sua sponte because the Answer is a model of how <u>not</u> to plead in the federal court system.[1]

First, each of the Answer's many proper uses of the form of disclaimer prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) is impermissibly followed by the disavowal "and, therefore, denies them" (even though that language refers to the selfsame Complaint

---

[1] No view is expressed here as to any aspect of the Counterclaim and Third-Party Complaint. If that part of the responsive pleading is viewed as posing any problems, it will be left to the litigants to raise them.

allegations)--see Answer ¶¶1, 7, 11, 13, 14, 17, 18, 23, 25, 29-31, 35, 43, 56-58, 66, 67, 71, 73, 74 and 79). That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly that flawed phrase is stricken wherever it appears in the Answer.

Next, defense counsel exhibits the mistaken belief that legal conclusions are not a permissible component of federal pleading--does counsel think, for example, that a complaint should not contain a jurisdictional allegations? Although defense counsel ought to read all of the Appendix to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001), in this instance particular heed should be given to App'x ¶2. Accordingly Answer ¶¶4, 5, 21, 23, 50, 69, 72, 73, 74, 78 and 81 are also stricken.

Finally, defense counsel has a penchant for using the totally uninformative assertion, with respect to documents, that APUFRAM "denies any allegation in paragraph -- that differs from or is inconsistent with the document purportedly described therein" (see Answer ¶¶12, 15, 19, 36, 39-41, 46, 47, 51, 53 and 64). Federal pleading is not a guessing game, as that type of assertion would appear to suggest. That usage is totally at odds with the requirements of Rule 8(b)(1), (2) and (4), and all those

paragraphs of the Answer are also stricken.

Because the errors described here are so pervasive, it would make no sense simply to require the filing of a curative amendment to the Answer, for that would produce a patchwork type of pleading. Instead the Answer is stricken in its entirety,[2] with leave granted to file a self-contained Amended Answer on or before April 26, 2010. No charge is to be made to APUFRAM by its counsel for the added work and expense incurred in correcting counsel's own errors. APUFRAM's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 15, 2010

---

[2] As suggested earlier, this does order not require a rewriting of the Counterclaim and Third-Party Complaint, which may stand as written.